*JUDGE HELLERSTEIN*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELINA GOLOVKO, MARCELO PETRONE,
ALENA KARAKOVA, MADELINE DINDA,
STEPHANIE MASIELLO, JENNIFER BOBE,
HILARY KAUFMANN, COLLEEN KOLTICK,
HEATHER KARPOFF, and LAUREN
VALLETUTTI, individually and on behalf of all
others similarly-situated,

                          Plaintiffs,

            vs.

230FA LLC d/b/a 230 FIFTH AVENUE,

                          Defendants.

**12 CV 9307**

Civil Action No.

**CLASS AND COLLECTIVE ACTION**
**COMPLAINT FOR DAMAGES,**
**RESTITUTION AND INJUNCTIVE**
**RELIEF**

**JURY TRIAL DEMAND**

DEC 2 0 2012

Plaintiffs Elina Golovko, Marcelo Petrone, Alena Karakova, Madeline Dinda, Stephanie

Masiello, Jennifer Bobe, Hilary Kaufman, Colleen Kotick, Heather Karpoff and Lauren

Valletutti, individually and on behalf of all others similarly-situated, by their attorneys, The

Ottinger Firm, PC, allege, upon personal knowledge and upon information and belief as to other

matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs Elina Golovko, Marcelo Petrone, Alena Karakova, Madeline Dinda,

Stephanie Masiello, Jennifer Bobe, Hilary Kaufman, Colleen Kotick, Heather Karpoff and

Lauren Valletutti (collectively "Plaintiffs"), on their own behalf and behalf of the proposed

classes identified below.  Plaintiffs and the proposed class members were or are employed by

Defendant 230FA LLC d/b/a 230 Fifth Avenue ("Defendant") as wait staff employees and were

denied payment of minimum wage and overtime premium compensation and/or earned wages

which were subject to improper deductions by Defendant in violation of federal and state wage

payment laws. Plaintiffs are similarly-situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     The FLSA Class is made of all persons who are or have been employed by Defendants as "tipped" wait staff (*i.e.*, waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at Defendant's bar/lounge at 230 Fifth Avenue, New York, NY within three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Class Period") and who were subject to Defendant's unlawful practice of (i) failing to pay minimum wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawfully taking deductions from employees' regular tip pool.

3.     The New York Class is made of all persons who are or have been employed by Defendants as "tipped" wait staff (*i.e.*, waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at Defendant's bar/lounge at 230 Fifth Avenue, New York, NY within six years prior to this action's filing date through the date of the final disposition of this action (the "New York Class Period") and who were subject to Defendant's unlawful practice of (i) failing to pay minimum wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawfully taking deductions from employees' regular tip pool.

4.     During the FLSA and New York Class Periods, Defendant set the FLSA and New York Class members' hours, compensation, and job duties through common policies applicable to all "tipped" wait staff and controlled all aspects of their day-to-day employment, required them to work from the Company's locations and supervised their work, making them "employees" and Defendant their "employer" within the meaning of all applicable statutes.

2

5.      During the FLSA and New York Class Periods, Defendant unlawfully failed to pay all "tipped" wait staff: (i) minimum wage, (ii) overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) all tips from the employees' regular tip pool. Plaintiffs seek relief on behalf of the New York Class pursuant to the applicable provisions of the New York Labor Law, and on behalf of the FLSA Class pursuant to the Fair Labor Standards Act, to remedy the Defendants' failure to pay all wages due and in addition to injunctive relief.

## PARTIES

6.      Individual and representative Plaintiff Elina Golovko is a resident of Brooklyn, New York.  Ms. Golovko is employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Golovko met the definition of an "employee" under all relevant statutes. As evidenced by Exhibit A, Ms. Golovko has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

7.      Individual and representative Plaintiff Marcelo Petrone is a resident of New York, New York.  Mr. Petrone was employed by Defendant as a bartender at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Mr. Petrone met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit A, Mr. Petrone has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

8.      Individual and representative Plaintiff Alena Karakova is a resident of Brooklyn, New York.  Ms. Karakova is employed by Defendant as a bartender at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Karakova met the definition of an "employee" under all relevant

3

statutes. As evidenced by Exhibit A, Ms. Karakova has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

9.      Individual and representative Plaintiff Stephanie Masiello is a resident of Massachusetts. Ms. Masiello was employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York. At all relevant times herein, Ms. Masiello met the definition of an "employee" under all relevant statutes. As evidenced by Exhibit A, Ms. Masiello has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

10.     Individual and representative Plaintiff Jennifer Bobe is a resident of Brooklyn, New York. Ms. Bobe is employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods. At all relevant times herein, Ms. Bobe met the definition of an "employee" under all relevant statutes. As evidenced by Exhibit A, Ms. Bobe has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

11.     Individual and representative Plaintiff Hilary Kaufman is a resident of New York, New York. Ms. Kaufman was employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods. At all relevant times herein, Ms. Kaufman met the definition of an "employee" under all relevant statutes. As evidenced by Exhibit A, Ms. Kaufman has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Because Ms. Kaufman previously signed a release of her claims under the NYLL in exchange for payment of some or all of the improper deductions outlined below, Ms. Kaufmann is a representative plaintiff only for purposes of the FLSA claims outlined herein.

12.     Individual and representative Plaintiff Colleen Koltick is a resident of New York, New York.  Ms. Koltick was employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Koltick met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit A, Ms. Koltick has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

13.     Individual and representative Plaintiff Heather Karpoff is a resident of New York, New York.  Ms. Karpoff is employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Karpoff met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit A, Ms. Karpoff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

14.     Individual and representative Plaintiff Lauren Valletutti is a resident of New York, New York.  Ms. Valletutti was employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Valletutti met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit A, Ms. Valletutti has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

15.     Individual and representative Plaintiff Madeline Dinda is a resident of Brooklyn, New York.  Ms. Dinda was employed by Defendant as a waitress at its bar/lounge located at 230 Fifth Avenue, New York, New York during the FLSA and New York Class Periods.  At all relevant times herein, Ms. Dinda met the definition of an "employee" under all relevant statutes.

16.     Defendant 230FA LLC d/b/a/ 230 Fifth Avenue is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 230 Fifth Avenue, New York, New York.  At all relevant times, Defendant was a covered employer within the meaning of the FLSA and NYLL.

17.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Defendant is an enterprise because it performs its related activities for a common business purpose.  Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

18.     Defendant, either directly or indirectly, has hired and/or fired Plaintiffs and other employees, controlled Plaintiffs' work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding his employment.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. §§ 207 *et seq*.  This Court has supplemental jurisdiction over the Plaintiffs' New York law claims pursuant to 28 U.S.C. § 1367.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage violations that give rise to Plaintiffs' claims occurred in this district.

21.     Contemporaneous with the filing of this lawsuit, Plaintiffs will forward a copy of this complaint to the Attorney General of the State of New York in accordance with New York Labor Law § 215(2).

6

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiffs bring this action on behalf of themselves and other employees similarly-situated as authorized under 29 U.S.C. § 216(b).  The employees similarly-situated are:

**FLSA Class:**     All "tipped" wait staff employee (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at Defendant's bar/lounge located at 230 Fifth Avenue, New York, NY within three years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of (i) failing to pay minimum wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawfully taking deductions from the employees' regular tip pool.

23.     Defendants employed Plaintiffs during the FLSA Class Period.

24.     During the FLSA Class Period, Defendants employed more than 50 employees who fall within the FLSA Class.

25.     By way of example only, Defendant controls how much the FLSA Class members are paid, maintains all time records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members are to perform their tasks.

26.     As a result, each of the class members are "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

27.     During the FLSA Class Period, Defendant unlawfully retained and/or deducted from Plaintiffs' earned tips/gratuities by deducting a charge for each bottle of alcohol that Plaintiffs sold.  For example, upon information and belief, Defendant deducted $8.00 for each standard bottle of alcohol (750 milliliters) and $16.00 for each magnum bottle of alcohol (1.5 liters) that Plaintiffs sold to Defendant's customers.

28.     Upon information and belief, this "bottle fee" was retained by Defendant and, therefore, constitutes an unlawful deduction from and/or unlawful retention of Plaintiffs' wages.

29.     Upon information and belief, this "bottle fee" affected all members of Defendant's wait staff because the "bottle fee" was deducted from Defendant's servers' gratuities before calculating the portion of such gratuities that were to be paid to the other members of the wait staff (*i.e.*, bartenders, bussers, runners, etc.)

30.     During the FLSA Class Period, Defendant paid Plaintiffs and the FLSA Class less than the statutory minimum wage.

31.     Defendant claimed a "tip credit" for the difference between the statutory minimum wage and what they paid Plaintiffs and the FLSA Class.

32.     Because of Defendant unlawfully retained and/or deducted from Plaintiffs' wages, Defendants cannot use the tip credit provisions and therefore were required to pay the Plaintiffs at least the full federal minimum wage in wages and allow the tipped employee to keep all tips received.

33.     As a result, Defendant paid Plaintiffs and the FLSA Class a wage below the statutory minimum wage.  Similarly, Defendant failed to pay overtime premiums in accordance with the FLSA for all hours worked in excess of 40 in a given workweek.

34.     In addition to the foregoing, Defendant was not entitled to claim a "tip credit" for its bartenders because Defendant requires these employees to spend a substantial amount of time performing non-tipped work.  As a result, Defendant was not entitled to claim a "tip credit" for with respect to Defendant's bartender employees and, by improperly claiming this "tip credit," Defendant paid these employees a wage below the minimum wage.

35.     Similarly, upon information and belief, Defendant improperly calculated and/or failed to pay Plaintiffs and the FLSA Class' federal tax withholdings.

36.     Additionally, upon information and belief, Defendant improperly deducted credit card transaction fees from tips otherwise attributable to Plaintiffs and the FLSA Class in excess of the amount otherwise prohibited by the FLSA.

37.     In addition to the foregoing, Defendant otherwise failed to properly compensate Plaintiffs and the FLSA in accordance with the provisions of the FLSA and the U.S. Department of Labor regulations.

38.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Class.

39.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Class, and as such, notice should be sent to the FLSA Class.  There are numerous similarly-situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**New York Class:**     All "tipped" wait staff employee (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at Defendant's bar/lounge located at 230 Fifth Avenue, New York, NY within six years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendant's unlawful practice of (i) failing to

9

pay minimum wage, (ii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek and/or (iii) unlawfully taking deductions from the employees' regular tip pool.

41.     At all times during the New York Class Period, Defendants, as a matter of policy, did not pay Plaintiffs or the New York Class members minimum wage or overtime premium pay for all hours worked in excess of 40 hours per workweek and made illegal deductions from the class members' tips/gratuities.

42.     The facts as alleged in Paragraphs 26-36 with respect to the putative class and the FLSA Class period are similarly true for the New York Class and the New York Class Period.

43.     New York law similarly prohibits employers from requiring tipped employees to share tips with non-service employees or management. New York Labor Law § 196–d.

44.     The New York Labor Law bars the same types of tipping practices, and actions that violate the tip pooling provision of 29 U.S.C. § 203(m). New York Labor Law § 196–d.

45.     Defendant's practices of requiring Plaintiffs and the members of the NYLL Class to pay a portion of their tips to ineligible persons and/or the house were and are in violation of and § 196–d.

46.     Defendant failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class a statement an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

47.     Numerosity:    The proposed New York Class is so numerous that joinder of all members is impracticable. During the relevant time period, Defendant employed over 50 persons who satisfy the definition of the proposed New York Class.

48.     Typicality:    Plaintiffs' claims are typical of the members of the Proposed New York Class.  During the New York Class Period Defendant's "tipped" wait staff that were paid

on an hourly basis were subject to the aforementioned unlawful policies during the New York

Class Period. All Plaintiffs were subject to Defendant's policy and practice of unlawfully

depriving class members of minimum wage and/or overtime premium compensation for all hours

worked in excess of 40 hours per workweek and/or unlawfully retaining a percentage of

Plaintiffs' earned tips. Plaintiffs had the same or similar duties and responsibilities as other New

York Class members.

49.     Superiority:     A class action is superior to other available methods for the fair

and efficient adjudication of the controversy.

50.     Adequacy:     Plaintiffs will fairly and adequately protect the interests of the

proposed New York Class, and has retained counsel experienced in complex FLSA and NYLL

class and collective action litigation.

51.     Commonality: Common questions of law and fact exist to all members of the

proposed New York Class and predominate over any questions solely affecting individual

members of the proposed New York Class, including but not limited to:

   a.   whether Defendant violated the NYLL as alleged herein;

   b.   whether Defendant unlawfully failed to pay appropriate minimum wage to
        members of the New York Class in violation of the NYLL;

   c.   whether Defendant unlawfully failed to pay appropriate overtime compensation to
        members of the New York Class in violation of NYLL;

   d.   whether Defendants unlawfully retained earned tips and/or service gratuities from
        members of the New York Class in violation of NYLL;

   e.   whether Defendants employed Plaintiffs and the New York Class within the
        meaning of New York law;

    f.   whether Defendants should be enjoined from continuing the practices that violate the NYLL;

    g.   what the proper measure of damages sustained by the New York Class are; and

    h.   whether Defendant's actions were "willful."

52.    The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

53.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

54.    Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendant.

## INDIVIDUAL RETALIATION ALLEGATIONS

55.     During the course of their employment with Defendant, Ms. Kaufmann, Ms. Koltik, Ms. Valletutti and Ms. Bobe questioned and/or complained to Defendant about these above-outlined improper payroll practices.

56.     In retaliation for engaging in activity protected by the NYLL and FLSA, Defendant retaliated against Ms. Kaufmann, Ms. Koltick, Ms. Valletutti and Ms. Bobe by, among other things, assigning them to less desirable or less lucrative stations, changing or canceling their scheduled work times with little or no notice, suspending their employment and/or terminating their employment with Defendant.

## FIRST CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

57.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

58.     As outlined above, Defendant's practices violated the provisions of the FLSA regarding payment of wages to "tipped" employees.

59.     Accordingly, Plaintiffs and the members of the FLSA Class are entitled to the minimum wage for each hour worked and to the amounts that were unlawfully deducted from their wages.

60.     Similarly, Defendant was not eligible to avail themselves of the federal tipped minimum wage rate under 29 U.S.C. § 203(m) because Defendant failed to inform Plaintiffs and the FLSA Class of the provisions of Section 203(m) of the FLSA and/or unlawfully retained a portion of Plaintiffs and the FLSA Class' tips.

## SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Minimum Wage)

61.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

62.    As outlined above, Defendant's practices violated the provisions of the NYLL regarding payment of wages to "tipped" employees.

63.    Accordingly, Plaintiffs and the New York Class are entitled to the minimum wage for each hour worked and/or to the amounts that were unlawfully deducted from their wages.

## THIRD CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

64.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

65.    During the FLSA Class Period, Plaintiffs and the FLSA Class members worked in excess of forty hours per workweek and, because of Defendant's above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

66.    Despite the hours worked by Plaintiffs and the FLSA Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay them appropriate overtime compensation.

67.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

68.    Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

69.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

70.     As outlined above, Defendant's practices violated the provisions of the NYLL regarding payment of wages to "tipped" employees.

71.     As a result, Defendant failed to pay Plaintiffs and the New York Class appropriate overtime compensation for each hour worked in excess of 40 hours in a given workweek.

72.     By Defendant's failure to pay Plaintiffs and the New York Class members premium overtime wages for all hours worked in excess of 40 hours per workweek, Defendant has willfully violated the NYLL the supporting New York State Department of Labor Regulations.

73.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (New York Labor Law: Unpaid Tip Retention)

74.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

75.     As outlined above, Defendant violated the NYLL by unlawfully deducting from wages earned by Plaintiffs and the New York Class by retaining tips pooled for service employees.  In making the deductions, Defendant unlawfully retained the tips Plaintiffs and the New York Class received from customers, and Plaintiffs and the New York Class consequently did not retain all of the tips they were paid.

76.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### (New York Labor Law Retaliation by Plaintiff Hilary Kaufmann)

77.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

78.     Defendant has violated the NYLL by subjecting Ms. Kaufman to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

79.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Kaufmann has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

80.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Kaufmann has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## SEVENTH CAUSE OF ACTION
### (FLSA Retaliation by Plaintiff Hilary Kaufmann)

81.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

82.     Defendant has violated the FLSA by subjecting Ms. Kaufman to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

83.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Ms. Kaufmann has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

84.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Kaufmann has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

85.     Defendant's unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the FLSA, entitling Ms. Kaufmann to an award of liquidated damages.

## EIGHTH CAUSE OF ACTION
### (New York Labor Law Retaliation by Plaintiff Colleen Koltick)

86.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

87.     Defendant has violated the NYLL by subjecting Ms. Koltick to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

88.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Koltick has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

89.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Koltick has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## NINTH CAUSE OF ACTION
### (FLSA Retaliation by Plaintiff Colleen Koltick)

90.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

91.     Defendant has violated the FLSA by subjecting Ms. Koltick to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

92.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Ms. Koltick has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

93.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Koltick has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

94.     Defendant's unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the FLSA, entitling Ms. Koltick to an award of liquidated damages.

## TENTH CAUSE OF ACTION
### (New York Labor Law Retaliation by Plaintiff Lauren Valletutti)

95.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

96.     Defendant has violated the NYLL by subjecting Ms. Valletutti to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

97.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Valletutti has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

98.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Valletutti has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## ELEVENTH CAUSE OF ACTION
### (FLSA Retaliation by Plaintiff Lauren Valletutti)

99.     Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

100.    Defendant has violated the FLSA by subjecting Ms. Valletutti to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

101.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Ms. Valletutti has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

102.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Valletutti has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

103.    Defendant's unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the FLSA, entitling Ms. Valletutti to an award of liquidated damages.

## TWELFTH CAUSE OF ACTION
### (New York Labor Law Retaliation by Plaintiff Jennifer Bobe)

104.    Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

105.    Defendant has violated the NYLL by subjecting Ms. Bobe to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

106.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Bobe has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

107.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Bobe has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## THIRTEENTH CAUSE OF ACTION
### (FLSA Retaliation by Plaintiff Jennifer Bobe)

108.    Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

109.    Defendant has violated the FLSA by subjecting Ms. Bobe to unlawful retaliation for her protected complaints of and opposition to Defendant's above-outlined improper payroll practices.

110.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Ms. Bobe has suffered and continues to suffer monetary and/or economic

damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

111.    As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Ms. Bobe has suffered mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

112.    Defendant's unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the FLSA, entitling Ms. Bobe to an award of liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the classes, prays for relief as follows:

A.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.    That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the New York Class;

C.    That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the FLSA Class;

D.    That Defendants' violations as described above are found to be willful;

E.    An award to Plaintiffs and the FLSA and New York Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

G.      An award of reasonable attorney's fees and costs pursuant to the NYLL and 29

U.S.C. § 216 and/or other applicable law; and

H.      For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial

by jury as to all issues so triable.

Dated:   December 20, 2012
         New York, New York                    **THE OTTINGER FIRM, P.C.**

                                                By: _____
                                                    Gregory N. Filosa

                                                20 West 55th Street, 6th Floor
                                                New York, New York 10019
                                                Telephone: (212) 571-2000
                                                greg@ottingerlaw.com

                                                *ATTORNEYS FOR PLAINTIFFS AND*
                                                *THE PROPOSED CLASS*

22

# Exhibit A

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

ELINA GOLOVKO
Print name

12 - 10 - 12
Date

NEW YORK, NY 11229
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

Marcelo Petrone
Print name

12/12/12
Date

NY, NY, 10075
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

_ALENA KARAKOVA_
Print name

_12/11/12_
Date

_Brooklyn, NY 11234_
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

_____
Print name

12/14/12
Date

Peabody, MA 01960
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_Jennifer Bobé_____
Signature

_JENNIFER BOBE_____
Print name

_12-12-12_____
Date

_Brooklyn, Ny, 11206_____
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

Signature

Hilary Kaufmann
Print name

12/14/12
Date

New York, NY 10019
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

Colleen Koltick
Print name

12/14/12
Date

New York, NY 10019
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_____
Signature

HEATHer KARPOff
Print name

12/17/12
Date

REDACTED          NY   10026
City, State, and Zip Code

## CONSENT TO BE PARTY PLAINTIFF

I consent to be a party plaintiff in the foregoing lawsuit against 230 Fifth, and affiliated agencies and other related defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I hereby designate The Ottinger Firm, P.C. to represent me in this suit.

_L. Valletuth_
Signature

_Lauren Valletuth_
Print name

_12|18|12_
Date

_Astoria, NY   11105_
City, State, and Zip Code